# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JABBAR WILLIAMS, )
　　　　　　　　　　　　)
　　　Plaintiff, )
　　　　　　　　　　　　)
v. ) Case No. CV415-125
　　　　　　　　　　　　)
CITY OF SAVAVANNAH, *et al.*, )
　　　　　　　　　　　　)
　　　Defendants. )

## REPORT AND RECOMMENDATION

Jabbar Williams has filed a 42 U.S.C. § 1983 complaint for damages against the Mayor of Savannah, Georgia; the City itself; District Attorney Meg Heap; and Daniel Massey, who is the clerk of the court where he is presently being prosecuted for making terroristic threats, among other charges. Doc. 1; *see also* attached state court docket showing that his prosecution is still pending).[1] Doc. 1. He also sues his public defender,

---

[1] As Williams is proceeding *in forma pauperis* ("IFP"), docs. 4 & 5, his action is subject to immediate dismissal if the Court determines that it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2) (allowing the dismissal of IFP actions "at any time" they are determined to raise non-cognizable claims); 28 U.S.C. § 1915A (requiring early screening of all prisoner/detainee complaints against governmental entities or officials and the dismissal of non-cognizable claims).

plus police officer Gene Harley for "falsely accusing the plaintiff of terroristic threats and cause [sic] the plaintiff to be falsely imprisoned." Doc. 1 at 11. Finally he sues "Ofc. John Doe," who "went on the news making the plaintiff a fugitive for possession and for threatening a CI on Facebook." *Id.* at 10. For being "falsely accused, arrested and imprisoned; and denied due process of laws simply because [he] exercised [his] constitutional right to free speech," *id.* at 7, Williams seeks damages only, not injunctive relief. *Id.* at 12.

His case is dead on arrival. First, his effort to obtain "ineffective assistance" damages from his defense counsel, Gilbert Stacey, doc. 1 at 7-8, fails outright.[2] "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a

---

[2] Additionally, "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Williams is *not* challenging the state criminal charges, nor seeking immediate release from the jail where is now detained, which would otherwise relegate him to his sole federal remedy – a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Ineffective assistance claims are otherwise available to him through habeas corpus, though such petitioners must first exhaust their state court remedies. *Wilkinson*, 544 U.S. at 79 ("habeas corpus actions require petitioner fully to exhaust state remedies, which § 1983 does not"); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (the exhaustion requirement codified in § 2254(b) applies to all habeas corpus actions, including § 2241 petitions); *Thomas v. Crosby*, 372 F.3d 782, 786 (11th Cir. 2004) (Tjoflat, J., concurring). If Williams wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules. Such petition, however, would be subject to immediate dismissal for lack of exhaustion of his available state remedies.

defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Since he is not a state actor, Stacey cannot be sued under § 1983.

Second, this case is premised on the "*wrongful institution* of legal process" by state officials, so plaintiff's cause of action rests upon a theory of malicious prosecution rather than false arrest. *Wallace v. Kato*, 549 U.S. 384, 390 (2007) (emphasis in original). The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). But an essential element of a malicious prosecution claim is the termination of the criminal prosecution in the plaintiff's favor. *Id.* at 882. At the time he filed his complaint Williams' state criminal case was and apparently is still pending. *See* attached. He therefore cannot bring suit challenging the wrongful issuance of legal process (his arrest warrant) until that prosecution is terminated in his favor or his conviction is overturned.

In the event that such state court criminal proceeding has been finalized into a conviction, Williams would now be complaining of defects

3

that necessarily imply its invalidation. In that case, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Cooks v. Sec'y, Fla. Dep't of Corr.*, 599 F. App'x 940, 941 (11th Cir. 2015) (district courts must "'ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.'") (quoting *Wilkinson*, 544 U.S. at 81); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or a

petition for collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. § 2254(b), (c).

Third, the prosecutor defendant is immune from suit, as Williams alleges nothing beyond activities by her that fall within her official function. *Imbler v. Pachtman*, 424 U.S. 409, 409 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent)

Fourth, the defendant clerk of court also is immune because Williams has alleged facts that fall within the ambit of the clerk's role in supporting the judicial process. *Jenkins v. Clerk of Court*, 150 F. App'x 988, 990 (11th Cir. 2005) ("Nonjudicial officials have absolute immunity for their duties that are integrally related to the judicial process. Absolute quasi-judicial immunity for nonjudicial officials is determined by a functional analysis of their actions in relation to the judicial process."), cited in *Foster v. Etowah Cnty. Clerk's Office*, 2015 WL 4999667 at * 2

5

(N.D. Ala. Aug. 21, 2015). And even if the City was the clerk's employer, no *respondeat superior* liability exists in § 1983 cases.[2]

Finally, plaintiff's "defaming and slandering" claim against "Ofc. Doe" fails as a matter of law. *Walker v. Atlanta Police Dept. Public Affairs Unit,* 322 F. App'x. 809, 810 (11thh Cir. 2009) ("defamation by a police officer is not actionable under 42 U.S.C. § 1983"); *Lowe v. Dollison,* 2012 WL 1555446 at * 3 (E.D. Tex. Mar. 2, 2012) ("defamation, libel, and slander are matters for state law and not the proper subject of a Section 1983 lawsuit. *See also Thomas v. Kipperman,* 846 F.2d 1009, 1010 (5th Cir.1988) (rejecting defamation claim under Section 1983 by prisoner against police officer, pawn shop owner, and sheriff).").

Given the sheer frivolity of Williams' complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust,* 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her

---

[2] *See Snow ex rel. Snow v. City of Citronelle, AL,* 420 F .3d 1262, 1270 (11th Cir. 2005) ("A municipality may not be held liable under section 1983 on a theory of *respondeat superior*."). "It is only when the execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under [section] 1983." *Id.* at 1271 (quotes and cites omitted). *Wilson v. Probate Court, Cnty. of Emanuel, Georgia,* 2013 WL 4458526 at * 1 (S.D. Ga. Aug. 19, 2013) ("And since the judge can't be sued, neither can his perceived employer, the County.").

complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity). This case should also be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Williams to pay his filing fee. His furnished PLRA paperwork reflects $26.34 in average monthly deposits over the six month period prior to the date of his Prison Account Statement. Doc. 4. He therefore owes a $5.67 initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore remit the $5.67 initial partial filing fee and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's

account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED**, this 12th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



**CHATHAM COUNTY, GA**
**Eastern Judicial Circuit of Georgia**

Home | Juvenile Court | Magistrate Court | Probate Court | Recorder's Court | State Court | Superior Court | Court Forms | Court Fees

October 26, 2015 — Location: Case Details — Search...

- CASE LOOKUP
- COURT FORMS
- COURT FEES
- MAP & DIRECTIONS
- JURY SERVICES
- SITE SEARCH

## Case Details

**State VS. WILLIAMS, JABBAR MUHAMMAD ALI**

- Case Events
- Charges
- Parties
- Proceedings

### Case Information
| | |
|---|---|
| Court: | Superior |
| Case Number: | CR142683 |
| Case Type: | CRIMINAL SOLICITATION |
| Judge: | HONORABLE MICHAEL KARPF |
| Assistant District Attorney: | NOAH ABRAMS |
| Date Filed: | 12/3/2014 |
| Status: | ACTIVE - |
| Next Event: | 11/17/2015 JURY TRIAL DOCKET REVIEW |

### Defendant Information
| | |
|---|---|
| Name: | WILLIAMS, JABBAR MUHAMMAD ALI |
| DIN: | X0116692 |
| Gender: | MALE |
| Race: | AFRICAN AMERICAN |
| Height: | 67 |
| Weight: | 160 |
| Eyes: | BROWN |
| Hair: | BLACK |

### Attorney Information
COURTNEY R LERCH
502 E BROUGHTON ST STE 200
Savannah, GA
31401

### Bondsman Information
N/A

### Case Events
| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 11/23/2015 | 10:00AM | MOTION HEARING (MTH) | MICHAEL KARPF | CANCELLED EVENT - CL |
| 11/17/2015 | 09:30AM | JURY TRIAL DOCKET REVIEW | MICHAEL KARPF | |
| 7/9/2015 | 1:30PM | SCHEDULING CONFERENCE | MICHAEL KARPF | |
| 5/27/2015 | 1:30PM | ARRAIGNMENT/PLEA HEARING | MICHAEL KARPF | |
| 5/22/2015 | 09:05AM | ARRAIGNMENT/PLEA HEARING | MICHAEL KARPF | RESCHEDULE EVENT |
| 4/23/2015 | 1:30PM | ARRAIGNMENT/CALENDAR CALL | MICHAEL KARPF | RESCHEDULE EVENT |
| 4/20/2015 | 1:30PM | ARRAIGNMENT/CALENDAR CALL | MICHAEL KARPF | |

[Return to Top]

### Charges
| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-4-7 | CRIMINAL SOLICITATION | 1 | FELONY | 11/26/2014 | |
| 16-11-37 | TERRORISTIC THREATS AND ACTS | 1 | FELONY | 11/26/2014 | |
| 16-13-30(J) | POSS MARIJUANA WITH INTENT TO DISTRIBUT | 1 | FELONY | 11/26/2014 | |
| 16-7-20 | POSS TOOLS FOR COMMISSION OF CRIME | 1 | FELONY | 11/26/2014 | |

[Return to Top]

### Proceedings
| | | | | | |
|---|---|---|---|---|---|
| 11/23/2015 | 10:00AM | MOTION HEARING (MTH) | CANCELLED EVENT - CL | MICHAEL KARPF | |
| 11/17/2015 | 09:30AM | JURY TRIAL DOCKET REVIEW | | MICHAEL KARPF | |

| Date | Time | Event | | | Notes |
|---|---|---|---|---|---|
| 10/12/2015 | | MOTION - TO WITHDRAW ATTY | | MICHAEL KARPF | C. LERCH/CERT OF SERV/ |
| 10/12/2015 | | SPECIAL DEMURRER | | MICHAEL KARPF | MTN TO QUASH INDICTMENT/CERT OF SERV/ |
| 9/15/2015 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 9/7/2015 | | PRO SE LETTER RECEIVED | | | |
| 8/24/2015 | | PRO SE MOTION | | | MTN TO RECIPROCAL DISCOVERY/ |
| 8/24/2015 | | PRO SE LETTER RECEIVED | | | |
| 8/3/2015 | | PRO SE LETTER RECEIVED | | | |
| 7/17/2015 | | SCHEDULING ORDER | | | |
| 7/9/2015 | 1:30PM | SCHEDULING CONFERENCE | | MICHAEL KARPF | |
| 6/5/2015 | | STATE"S DEMAND FOR DISCOVERY | | | STATES DEMAND FOR NOTICE OF ALIBI/ NOTICE OF RECIDIVIST PROSECUTION AND EVIDENCE IN AGGRAVATION OF PUNISHMNENT/ NOTICE OF INTENT TO IMPEACH WITH PRIOR CONVICTIONS/ NOTICE OF MOTION TO INTRODUCE EVIDENCE OF OTHER CRIMES, WRONGS OR ACTS - 404(B)/ STATES RESPONSE TO MOTION FOR DISCOVERY/ STATES DEMAND THAT ANY AND ALL MOTIONS TO SUPPRESS BE PARTICULARIZED/ LIST OF WITNESSES/ |
| 5/27/2015 | 1:30PM | ARRAIGNMENT/PLEA HEARING | | MICHAEL KARPF | |
| 5/22/2015 | 09:05AM | ARRAIGNMENT/PLEA HEARING | RESCHEDULE EVENT | MICHAEL KARPF | |
| 4/23/2015 | | PRO SE MOTION | | | AFFIDAVIT OF TRUTH/REQUEST FOR HEARING TO AUTHENTICATE AFFIDAVIT/ |
| 4/23/2015 | 1:30PM | ARRAIGNMENT/CALENDAR CALL | RESCHEDULE EVENT | MICHAEL KARPF | |
| 4/20/2015 | 1:30PM | ARRAIGNMENT/CALENDAR CALL | | MICHAEL KARPF | |
| 4/9/2015 | | PRO SE MOTION | | | DEMAND FOR SPEEDY TRIAL/DEMURRER AND MNT TO DISMISS THE INDICTMENT/ |
| 4/8/2015 | | ENTRY OF APPEARANCE | | | C LERCH |
| 4/8/2015 | | CONSOLIDATED MOTIONS PACKAGE | | | |
| 3/18/2015 | | PRO SE LETTER RECEIVED | | | |
| 3/18/2015 | | PRO SE MOTION | | | DEMAND FOR SPEEDY TRIAL/ |
| 3/13/2015 | | PRO SE MOTION | | MICHAEL KARPF | DEMAND FOR SPEEDY TRIAL/ |
| 2/17/2015 | | PRO SE MOTION | | MICHAEL KARPF | DEMURRER AND MTN TO DISMISS THE INDICTMENT/ |
| 1/26/2015 | | PRO SE MOTION | | | |
| 12/17/2014 | | CONSOLIDATED MOTIONS PACKAGE | | | |
| 12/17/2014 | | ENTRY OF APPEARANCE | | | GILBERT STACY/ |
| 12/11/2014 | | BENCH WARRANT SERVED | | | EXECUTED ON 12-5-14/ |
| 12/4/2014 9:12:26 AM | | SCN | | | INITIAL CASE SCREENING / SCANNING |
| 12/3/2014 | | INDICTMENT | | | . |

[Return to Top]

Home | Juvenile Court | Magistrate Court | Probate Court | Recorder's Court | State Court | Superior Court | Court Forms | Court Fees

© Copyright 2015 - Chatham County Courts